UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number: 21-10039-CIV-MARTINEZ**

DIVERSIFIED SOLUTIONS, INC.,

      Plaintiff,

v.

OHWOOK! PRODUCTIONS, INC.,

      Defendant.

                                     /

## ORDER DENYING EXPEDITED APPLICATION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff's Expedited Application for Entry of Temporary Restraining Order and Preliminary Injunction ("Application") (ECF No. 9). The Court held a hearing on the Application on April 21, 2021, where counsel for both parties presented their arguments.[1] Upon careful consideration of the Application, Defendant's response in opposition, (ECF No. 20), Plaintiff's reply, (ECF No. 24), the arguments presented in open court, and the pertinent portions of the record, the Court finds that the Application is **DENIED**.

Plaintiff, Diversified Solutions, Inc., seeks a temporary restraining order and preliminary injunction to prevent Ohwook! Productions, Inc. from using Plaintiff's registered trademark ("MILE ZERO FESTIVAL") in connection with Defendant's upcoming music festival in Key West called "MILE 0 FEST" or any other name confusingly similar to the registered trademark.

---

[1] The Court also heard argument on Defendant's Motion to Strike Newly Raised Legal Issues in Plaintiff Diversified Solution, Inc.'s Reply in Support of Expedited Application for Temporary Restraining Order and Preliminary Injunction, (ECF No. 27).

(*See generally* Application, ECF No. 9).[2]  Defendant's festival is scheduled to take place on April 27 through May 1, 2021.  (*Id.* at 7).  According to Plaintiff, because of Defendant's infringement, it has been unable to obtain financing, advertisements, sell tickets, and otherwise conduct its business for its own 2021 festival.  (*Id.*)  Defendant opposes the Application arguing that there is no substantial likelihood of success on the merits.  (Def.'s Resp., at 10–17).  Further, Defendant asserts, *inter alia*, that Plaintiff will not be irreparably harmed because Plaintiff has grossly delayed its attempt to enforce its rights by waiting more than three and a half years to file this action.  (*Id.* at 17–22).

As a threshold matter, the Court heard the parties' arguments on Defendant's Motion to Strike, (ECF No. 27), and was unconvinced by Plaintiff's reasoning for adding a new argument in its reply.  Plaintiff asserts that it "felt obligated" to include the "reverse confusion" argument in its reply, despite not having mentioned it in its Application, because Defendant cited to *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016), where the Eleventh Circuit discussed the doctrine of reverse confusion.  However, Defendant does not mention the doctrine of reverse confusion in its response in opposition, nor did it cite *Wreal* for this proposition.  The Court will therefore not consider Plaintiff's argument on reverse confusion because it "exceed[s] the permissible scope of the Reply."  *DeRossett v. Se. Toyota Distributors, Inc.*, No. 0:17-CV-60415-WPD, 2017 WL 7311876, at *1 (S.D. Fla. Aug. 4, 2017).

Moving on to the merits of the Application.  To obtain a preliminary injunction, Plaintiff bears the burden of proving: (1) substantial likelihood of success on merits; (2) substantial threat of irreparable injury; (3) that threatened injury to plaintiff outweighs potential harm to defendant;

---

[2] For the sake of clarity, when citing to the record, the Court will refer to the page numbers automatically generated by the CM/ECF filing system.

and (4) that injunction will not be adverse to the public interest.[3]  *Wreal*, 840 F.3d 1244, 1247;

*Palmer v. Braun*, 287 F.3d 1325, 1329–30 (11th Cir. 2002).   In this Circuit, a preliminary

injunction is an extraordinary and drastic remedy that shall not be granted unless the movant

clearly establishes its burden of persuasion as to *all four* requisites.  *All care Nursing Serv., Inc. v.*

*Bethesda Memorial Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *cf Yakus v. United States*,

321 U.S. 414, 440 (944) ("The award of an interlocutory injunction by courts of equity has never

been regarded as strictly a matter of right, even though irreparable injury may otherwise result to

the plaintiff.").  The decision of whether to impose preliminary injunction is a matter of judicial

discretion.  *Bulova Corp. v. Bulova Do Brasil Com. Rep. Imp. & Exp. Ltda.*, 144 F. Supp. 2d 1329,

1331 (S.D. Fla. 2001).  Plaintiff must prove all four elements and "failure to meet even one dooms"

its request.  *Wreal*, 840 F.3d at 1248.

Plaintiff has not carried its burden to prove at least one of the elements to obtain a

preliminary injunction.  Plaintiff fails to prove that there is a substantial threat of irreparable injury.

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against

irreparable injury and preserve the status quo until the district court renders a meaningful decision

on the merits."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (citing

*Canal Auth. Of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).  "A preliminary

injunction requires showing 'imminent' irreparable harm."  *Wreal*, 840 F.3d at 1248.  The very

idea of a preliminary injunction is premised on the need for a "speedy and urgent action" to protect

the movant's rights."  *Id.*  It is well established in this Circuit that "a delay in seeking a preliminary

injunction of even only a few months—though not necessarily fatal—militates against a finding

---

[3] The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that the plaintiff must show actual success on the merits as opposed to a likelihood of success.  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

of irreparable harm." *Wreal*, 840 F.3d 1244 (denying injunction after a delay of five months in filing injunction); *e.g.*, *Sprint Commc'ns, Inc. v. Calabrese*, No. 18-60788-CIV, 2018 WL 6653079, at *5 (S.D. Fla. July 5, 2018), *report and recommendation adopted*, No. 18-60788-CIV, 2018 WL 6653070, at 4–5 (S.D. Fla. Nov. 7, 2018) (one-year delay); *Menudo Int'l, LLC v. In Miami Production, LLC,* No. 17-21559-Civ, 2017 WL 4919222, at * 4 (S.D. Fla. Oct. 31, 2017) (13-month delay); *Pals Grp., Inc. v. Quiskeya Trading Corp.*, No. 16-23905-CIV, 2017 WL 532299, at *5–6 (one-year delay); *Love v. Blue Cross & Blue Shield of Ariz., Inc.*, No. 03-21296-CIV, 2010 WL 1249720, at *5 (S.D. Fla. Mar. 25, 2010) (two-year delay).  Indeed, "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Pals Grp.*, 2017 WL 532299, at *6 (quoting *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998)) (alterations omitted).

Here, irreparable harm is far from imminent.  The undisputed record reveal as follows: Defendant began using the name "MILE 0 FEST" for its festival in 2017; Defendant hosted its first festival with the name "MILE 0 FEST" in 2018; Defendant hosted subsequent festivals with the same name in 2019 and 2020; Plaintiff knew of Defendant's use of the name "MILE 0 FEST" since 2017; and, by Plaintiff's own admission, except for the COVID-19 pandemic in 2020 and 2021, there is nothing that led Plaintiff to believe that Defendant had abandoned its plans to continue hosting its festival with the name "MILE 0 FEST."  In other words, Plaintiff has known of Defendant's use of the name "MILE 0 FEST" since 2017 and has waited approximately four years and seven months to enforce its rights, yet, it provides no justification for its delay.  Plaintiff asserts that given the COVID-19 pandemic, and the fact that most prominent festivals have been cancelled in 2021, it had no reasonable expectation that Defendant's festival would proceed. (Application, at 9).  This, however, does not justify Plaintiff's nearly four-year delay.  Even

assuming that Plaintiff's belief that the event would be canceled in 2021 was reasonable, this does not excuse the approximately three years prior to the pandemic in which Plaintiff was aware of Defendant's use of the trademark but failed to enforce its rights.  Plaintiff thus fails to provide any evidence to justify the nearly four-year delay.

Plaintiff argues that Defendant is an "intentional infringer" and therefore cannot assert delay.  In support of its argument, Plaintiff contends that Defendant is an intentional or willful infringer because "there has been an administrative finding/determination of likelihood of confusion."  (Application, at 9; *see also* Reply, at 4–5, ECF No. 24).  The finding Plaintiff refers to is the "Nonfinal Office Action" issued by the U.S. Patent and Trademark Office ("PTO") in response to Defendant's trademark application.  (*See* Nonfinal Office Action, at 24–26, ECF No. 9-1).  Defendant disputes that there has been such finding.  (Def.'s Resp., at 8).  Regardless, a district court is not required to give deference to a finding from the PTO that a mark is confusingly similar to another.  *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 950 F.3d 776, 789 n.9 (11th Cir. 2020).  In fact, this Court's "obligation to defer to the PTO is especially weak here, where the PTO failed to weigh many of the considerations that [the Eleventh Circuit] has deemed relevant to deciding the "likelihood of confusion" question.  *Id.*  At this juncture, the Court will not give deference to the PTO decision, as it does not appear that the PTO considered many of the eight factors examined by courts in a likelihood of confusion analysis.  As the record stands, Plaintiff has failed to prove Defendant's intentional or willful conduct, and thus it cannot be said that Plaintiff is an intentional infringer.

For the foregoing reasons, the Court finds that Plaintiff has failed to meet its burden to prove that it will suffer irreparable harm.  Because Plaintiff fails this paramount requisite, the Court

need not address the other three elements.[4]  *See Wreal*, 840 F.3d at 1248; *see also Church v. Cty.*

*of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (a preliminary injunction may not be granted

unless the moving party "clearly carries the burden of persuasion as to the four prerequisites.").[5]

Accordingly, it is

**ORDERED AND ADJUDGED that:**

1.     Plaintiff's Expedited Application for Entry of Temporary Restraining Order and

Preliminary Injunction (ECF No. 9), is **DENIED**.

2.     Defendant's Motion to Strike Newly Raised Legal Issues in Plaintiff Diversified

Solution, Inc.'s Reply in Support of Expedited Application for Temporary Restraining Order and

Preliminary Injunction, (ECF No. 27), is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida on this 23rd day of April 2021.

_____

JOSE E. MARTINEZ

UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record

---

[4] Even considering other requisites, Plaintiff fails to prove that the threatened injury to Plaintiff outweighs the potential harm to Defendant.  Plaintiff filed its Application twenty days before the festival was scheduled to begin.  At this late stage, the harm it would cause Defendant to change the name of the festival far outweighs the potential harm to Plaintiff.  Now, less than one week away from the festival's start date, Defendant has invested thousands of dollars advertising and organizing the event. (*See* Def.'s Resp., at 22–23).  All signage, posters, badges, credentials, wristbands brochures, and instructions bear the "MILE 0 FEST" mark and the cost to replace the name would be substantial. (*Id.*)  Plaintiff, on the other hand, admits that no advertising has ever been done for its own festival and that no tickets have been sold, so Plaintiff will neither suffer monetary or reputational harm.

[5] The Court also denies Plaintiff's alternative request presented at oral argument that Defendant place a percentage of the sale proceeds from the 2021 festival in escrow and that the injunction begin the day after the event.  Given the Court's finding that no irreparable harm will occur to Plaintiff, it does not find it necessary to grant this alternative request.